## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 1:13-cv-23924-KMM

PINES NURSING HOME (77), INC.,

      Plaintiff,

v.

PHARMERICA CORPORATION,

      Defendant.

_____/

### ORDER GRANTING JOINT MOTION FOR
### PRELIMINARY APPROVAL OF ACTION SETTLEMENT

THIS CAUSE is before the Court on the parties' Joint Motion for Preliminary Approval of Class Action Settlement (ECF No. 89).  Upon consideration of the Motion, the Class Action Settlement Agreement (the "Settlement Agreement") (ECF No. 89-1), which sets forth the terms and conditions for the proposed settlement, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court finds that:

1. The settlement proposed in the Settlement Agreement has been negotiated at arms' length and is not collusive, and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the proposed Settlement Class;[1]

2. With respect to the proposed Settlement Class, this Court preliminarily finds, solely for purposes of effectuating the proposed settlement, that certification is appropriate under Amchem Products, Inc. v. Windsor, 521 U.S. 591 (1997).  In particular, the Court preliminarily finds, solely for purposes of effectuating the proposed settlement, that (a) the members of the proposed Settlement Class are so numerous that joinder of

---

[1] Unless otherwise noted, all defined terms are as defined in the Settlement Agreement.

all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the proposed Settlement Class; (c) the claims of the proposed representative plaintiff are typical of the claims of the proposed Settlement Class; (d) the proposed representative plaintiff and proposed Settlement Class Counsel have and will fairly and adequately protect the interests of the proposed Settlement Class; (e) the questions of law and fact common to members of the proposed Settlement Class predominate over questions affecting only individual members; and (f) a class action is superior to other available methods of fairly and efficiently adjudicating the controversy; and

3. The forms of Notice to the Settlement Class attached respectively as Exhibits 1 and 2 to this Order, and the method of providing such Notices to the proposed Settlement Class (described and defined as the "Notice Plan" in paragraphs 4.2(a)–(b) of the Settlement Agreement), comply with Rule 23 of the Federal Rules of Civil Procedure and with due process, constitute the best notice practicable under the circumstances, and provide due and sufficient notice to all persons entitled to notice of the settlement of this Litigation.

IT IS THEREFORE ORDERED AND ADJUDGED THAT:

4. The settlement proposed in the Settlement Agreement is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement is therefore preliminarily approved, subject to further consideration at the Final Approval Hearing described below.

5. For purposes of effectuating the settlement only, the following class (the "Settlement Class") is conditionally certified and approved pursuant to <u>Amchem</u> and Rule 23 of

the Federal Rules of Civil Procedure:

> The subscribers to the telephone lines to which Symposia Faxes (as defined in the Settlement Agreement) were successfully sent from October 29, 2009, up to and including November 5, 2013, as reflected in Xpedite transmission records for the Xpedite job broadcasts identified in Ex. C to Settlement Agreement (as supplemented by the distribution lists for the four transmissions where Xpedite records are unavailable).

6. Plaintiff Pines Nursing Home (77), Inc., is designated and appointed representative of the Settlement Class.

7. Scott Z. Zimmermann of the Law Office of Scott Zimmermann and C. Darryl Cordero of Payne & Fears LLP are designated as co-lead Settlement Class Counsel and Frank F. Owen of Frank F. Owen and Associates, P.A., and Joel S. Magolnick of Marko & Magolnick, P.A. are designated and appointed as co-Settlement Class Counsel.

8. Heffler Claims Group is designated and appointed as the Settlement Administrator under the Settlement Agreement.

9. The forms of Notice to the Settlement Class Members attached respectively as Exhibits 1 and 2 to this Order, and the Claim Form attached as Exhibit 3 to this Order, are approved.

10. Within 21 days after the entry of this Order, the form of Notice attached as Exhibit 1 to this Order shall be sent by the Settlement Administrator pursuant to the Notice Plan provided in paragraph 4.2(a) of the Settlement Agreement by first class mail using the Notice Database provided by PharMerica and approved by Plaintiff and updated by the Settlement Administrator.  In the event that the Notice Database does not contain a mailing address for a Settlement Class Member, the Settlement Administrator shall

provide the form of Notice attached as Exhibit 1 to this Order by facsimile transmission to the facsimile number identified in the Notice Database. In addition, pursuant to the Notice Plan provided in paragraph 4.2(b) of the Settlement Agreement, within 21 days of the date of this Order, the Settlement Administrator shall establish a website using the domain name www.pmfaxsettlement.com, where a Settlement Class member will be able to obtain and submit the Claim Form attached as Exhibit 3 to this Order, review certain pleadings and the Settlement Agreement in this case, and access the form of Notices attached as Exhibits 1 and 2 to this Order. The foregoing Notice Plan fully complies with the requirements of Federal Rules of Civil Procedure 23 and due process, constitutes the best notice practicable under the circumstances, and is sufficient notice to all persons entitled to notice of the settlement of this Litigation.

11. The provisions for claim submission shall be as set forth in paragraph 1.3 of the Settlement Agreement, provided, however, that the Claims Submission Deadline shall be 111 days after entry of this Order. The provisions for claim submission and claims determination set forth in the Settlement Agreement shall be followed for administering claims.

12. A hearing to determine whether the settlement should be given final approval, and to determine whether the "Motion for Fees" and "Motion for Incentive Award" should be approved by the Court (the "Final Approval Hearing"), will be conducted on Tuesday, November 12, 2015, at 11:00 a.m., in Courtroom 13-1 (thirteenth floor) of the United States Courthouse, 400 North Miami Avenue, Miami, Florida.

13. Members of the Settlement Class may request exclusion from the Settlement Class as

provided in paragraphs 1.13 and 4.3 of the Settlement Agreement.  A request for exclusion must be mailed or faxed to the Settlement Administrator at the address or fax number provided in the forms of Notice attached as Exhibit 1 and 2 and must be received no later than 81 days after the entry of this Order (the "Exclusion Deadline").  Any request for exclusion that does comply with all of these requirements of paragraphs 1.13 and 4.3 of the Settlement Agreement or that is received after the Exclusion Deadline shall be ineffective.  The Settlement Administrator shall submit to the Court a list of the individual Settlement Class Members' timely and validly requesting exclusion no later than five business days after the Exclusion Deadline.

14. Members of the Settlement Class shall have the right to object to the proposed settlement, the "Motion for Fees" and the "Motion for Incentive Award" as provided in paragraph 4.4 of the Settlement Agreement.  No Settlement Class Member shall be heard, and no papers, briefs, pleadings, or other documents submitted by any Settlement Class Member shall be received and considered by the Court unless, the objection is filed with the Court at least 35 days prior to the Final Approval Hearing, and the Settlement Class Member files with the Clerk of Court and mails to Settlement Class Counsel and Defendants' counsel specified in the Notice attached as Exhibit 2 to this Order written objections verified under penalty of perjury that include, among other things (a) a notice of intention to appear, if applicable; (b) the full name, address and telephone number of the person objecting; (c) a statement of membership in the Settlement Class and evidence of the same; (d) a statement of each objection; and (e) a written brief detailing the specific reasons, if any, for each

5

objection, including any legal or factual support for each objection.  Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his, her or its objections and shall be forever barred from making any such objections in the Litigation or in any other proceeding or from challenging or opposing, or seeking to reverse, vacate or modify any approval of the Settlement Agreement, any approved attorneys' fees and costs awarded to Settlement Class Counsel or any approved incentive payment awarded to Plaintiff.  Plaintiff and PharMerica shall file any written replies to timely-filed objections, if any, no later than 10 days before the Final Approval Hearing.

15. The amount of attorneys' fees and expenses to be paid to Settlement Class Counsel and the amount of the incentive award to be paid to Plaintiff under paragraphs 1.2, 1.4 and 8 of the Settlement Agreement shall be determined at the Final Approval Hearing.  Settlement Class Counsel shall file a "Motion for Fees" and Plaintiff a "Motion for Incentive Award" no later than 6 days before the Final Approval Hearing.

16. Unless and until the settlement is canceled and terminated pursuant to paragraphs 4.3, 6.1, 9.1 and 9.2 of the Settlement Agreement, all proceedings in this Litigation, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Agreement and this Order, are hereby stayed and suspended until further order of this Court.

17. In aid of the Court's jurisdiction to implement and enforce the proposed settlement, Plaintiff and all Settlement Class Members shall be preliminarily enjoined, during the period from the entry of the Preliminary Approval Order to the date of the Final

6

Approval Hearing, from commencing or prosecuting any action asserting any of the claims and causes of action to be released under paragraph 1.30 of the Settlement Agreement, either directly, representatively, derivatively, or in any other capacity, whether by a complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located. Any person or entity that knowingly violates the injunction shall pay the costs and attorneys' fees incurred by PharMerica as a result of the violation. Nothing in this paragraph shall be construed to prevent a Settlement Class member from presenting objections to the Court regarding the Settlement Agreement, "Motion for Fees" or "Motion for Incentive Award" in accordance with paragraph 11 of this Order.

18. If the settlement proposed in the Settlement Agreement and the Final Judgment contemplated by the Settlement Agreement do not receive full and final judicial approval in all material respects, or are reversed, vacated, or modified in any material respect, or in the event the Settlement Agreement is timely and validly cancelled by a party as provided in paragraphs 4.3, 6.1, 9.1 and 9.2 thereof, then the Settlement Agreement and proposed settlement shall have no force or effect except as provided in the Settlement Agreement, the parties shall be restored to their respective positions prior to August 1, 2014, any certification of the Settlement Class and the Court's preliminary findings in connection therewith shall be vacated, the Litigation shall proceed as though the Settlement Class had never been certified (with the statute of limitations relating back to the original filing date of the Litigation of October 29, 2009), and PharMerica shall have the right to oppose the certification of any plaintiff class.

19. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the Final Approval Hearing without further notice to the Settlement Class.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of June, 2015.

_____<br>
K. MICHAEL MOORE<br>
CHIEF UNITED STATES DISTRICT JUDGE

cc:    All counsel of record

**EXHIBIT 1**

**Notice to facilities that received PharMerica symposia/exhibition faxes**

Jane Q. Class Member
123 Anywhere Street
Anytown, ST 12345-1234

(Above: Front of outside of Notice mailing)

Note: The back outside is a USPS change of address request. We use this to get better addresses if people have moved and the ma
forwarded. It also allows us to mail at a cheaper postage rate but the change of address form has to be on the back.

# If you received a PharMerica symposia/exhibition fax, you could get a payment from a class action settlement.

**<u>EXHIBIT 2</u>**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

# If you received a fax advertisement from PharMerica, you could get a payment from a class action settlement.

A settlement has been proposed in a class action lawsuit about faxes sent by PharMerica Corporation from October 29, 2009, to November 5, 2013.

If you submit a valid claim, you will receive payment for each fax sent to your telephone number in an amount of at least $156.64 per fax. This amount may be greater, depending on factors identified later in this notice.

Alternatively, you can exclude yourself from the settlement, in which event you will not receive any payment from the settlement. You can also object to the settlement, with or without submitting a claim.

## WHAT'S THIS ABOUT?

The lawsuit claims that PharMerica violated federal law (Telephone Consumer Protection Act) by sending up to 110 facsimile publications to promote its "symposia/exhibition series." PharMerica denies these claims and denies any claim of wrongdoing. The Court has not decided who is right. But both sides agreed to the settlement to resolve the case and get benefits to class members who file valid claims.

The United States District Court for the Southern District of Florida authorized this notice. Before any money is paid, the court will have a hearing to decide whether to approve the settlement.

## WHO'S INCLUDED?

In the event that you received a symposium/exhibition fax between October 29, 2009, to November 5, 2013, or another fax on August 27, 2010, you may be a class member and have rights under this settlement agreement.

You do not need to have a fax in order to make a claim. Records produced in the lawsuit have identified all telephone numbers to which PharMerica sent faxes.

## WHAT DOES THE SETTLEMENT PROVIDE?

PharMerica has agreed to implement changes in how it communicates by facsimile and pay an Aggregate Settlement Benefit of up to $15 million to Settlement Class Members who timely submit valid and complete claim forms, and for Costs of Notice and Administration, Class Counsel's fees and costs (up to 26% of the Aggregate Settlement Benefit), and Class Representative Fee up to $15,000.

Your share of the settlement will depend on how many faxes were sent to your telephone number during the class period, the number of valid claim forms that Class Members send in, claim administration expenses, how much the court determines the class attorneys should be compensated, and whether the court approves an incentive award to the class representative (and in what amount).

## HOW DO YOU ASK FOR A PAYMENT?

A settlement claim form is available by visiting the website below to download a claim form or by calling 1-800-xxx-xxxx. To qualify for a payment, you must send in a claim form. You may also submit a claim online. Your class member I.D. requested in the claim form is in the upper left hand corner of this notice. You will need this I.D. if you request a claim form from the settlement website. Claim forms must be filed no later than Month 00, 2014.

## WHAT ARE YOUR OTHER OPTIONS?

If you don't want to be legally bound by the settlement, you must exclude yourself by Month 00, 2014, or you won't be able to sue, or continue to sue, PharMerica about the legal claims in this case. If you exclude yourself, you can't get money from this settlement. You may object to this settlement by filing an objection with the Court by Month __, 2014. All objections should state the reason for your complaint about the settlement, all proof or evidence and whether you intend to appear at the final approval hearing. The detailed notice on the settlement website explains how to exclude yourself or object.

The Court will hold a hearing in this case (*Pines Nursing Home (77), Inc. v. PharMerica Corporation*, Case No. 1:13-cv-23924) on Month 00, 2014, to consider whether to approve the settlement and a request by the lawyers representing all Class Members for payment of attorneys' fees and costs, for investigating the facts, litigating the case, and negotiating the settlement and a request . The fees and costs will be paid from the $15 million settlement benefit. For more information, call toll free 1-800-000-0000, visit the website Error! Hyperlink reference not valid., or write to Symposia JFPA Settlement, P.O. Box 000, Philadelphia, PA 19102.

1-8xx-xxx-xxxx

**EXHIBIT 3**

# PharMerica Fax Settlement Claim Form

To be eligible to receive payment under the proposed Settlement Agreement in this lawsuit, **YOU MUST COMPLETE AND MAIL OR FAX THIS CLAIM FORM BY** _____, 2014. You may also submit your claim online at www.xxxxxxxxx.com by the same deadline.

If you are asking to be excluded from the Settlement Class, DO NOT submit this Claim Form.

1. Fax Number(s) during October 29, 2009, through November 5, 2013:

☐☐☐ - ☐☐☐ - ☐☐☐☐    ☐☐☐ - ☐☐☐ - ☐☐☐☐

☐☐☐ - ☐☐☐ - ☐☐☐☐    ☐☐☐ - ☐☐☐ - ☐☐☐☐

(if more than four fax numbers, please add additional numbers at the bottom of this form)

2. Name of person or business who was the subscriber, i.e., who was the billing party on record with the telephone company, of the above fax number(s) in October 29, 2009, through November 5, 2013:

(If a business, insert the business's name; if an individual, insert the individual's name)

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐☐

3. Taxpayer I.D. Number: _____    4. Class Member I.D. Number: _____
                                              (Number can be found at the upper left hand corner of the notice)

Items 3 and 4 are voluntary and not required to submit your claim; if you do not provide your taxpayer ID you may be contacted to provide it to complete the claim. Class members that receive over $600 will be asked to provide Taxpayer I.D. numbers or be subject to automatic withholding to the IRS.

**Certification:** I certify under penalty of perjury that (a) the information I provided on this Claim Form is true and correct; and (b) in the case of a business entity named above, that I am an authorized representative of such business entity to provide the information in the Claim Form, to make this claim on behalf of such business.

Signature: _____

**Print Name:** _____
**Title/Position:** _____
**Telephone Number (in case the Class Administrator needs to contact you):** _____
**Email Address (in case the Claims Administrator needs to contact you):** _____
Questions? Call 1-8xx-xxx-xxxx or visit www. xxxxxxxxxxxxxxxxxxxxx.com

Address Changes (if any):

Address 1: _____

Address 2: _____

City: _____ State: _____ Zip Code: _____

After signing, send to PharMerica Fax Settlement Claim Administrator, P.O. Box ____, Philadelphia, PA, 19102, or fax to 1-800-xxx-xxxx

4839-1819-3692.1