*CASE NO.: 13-23924-CIV-MOORE/MCALILEY*

# EXHIBIT A

# [PROPOSED] FINAL JUDGMENT AND ORDER

# FILED IN SUPPORT OF JOINT UNOPPOSED MOTION AND MEMORANDUM OF LAW FOR FINAL APPROVAL OF SETTLEMENT

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-23924-CIV-MOORE/MCALILEY

Pines Nursing Home (77), Inc.,    CLASS ACTION

    Plaintiff,

v.

PharMerica Corporation,

    Defendant.
_____/

**[PROPOSED] FINAL JUDGMENT AND ORDER**

THIS CAUSE, having come on before the Court on the Joint Motion of Plaintiff Pines Nursing Home (77), Inc. ("Pines") and Defendant PharMerica Corporation ("PharMerica") requesting final approval of the settlement of this class action litigation (the "Litigation") (ECF No. __), and accompanying Motion for Attorneys' Fees and Reimbursement of Costs of Plaintiff and Class Counsel (EFC No. ___) and Motion for Incentive Award of Plaintiff (EFC No. __). The procedural background is as follows:

(a) On June 26, 2015, this Court entered an order (ECF No. 96) granting preliminary approval (the "Preliminary Approval Order") of the Settlement Agreement (ECF No. 89-1) and conditionally certifying, for settlement purposes only, a Settlement Class.

(b) The September 15, 2015 deadline under the Preliminary Approval Order for requesting exclusion from the Settlement Class expired without any requests for exclusion being made. A report in this regard was made to the Court by the Settlement Administrator. (ECF No. 100.)

(c) The October 15, 2015 deadline for objecting to the Settlement Agreement, including the requested attorneys' fees costs, and requested incentive award, expired without any objections being made or filed with the Court.

(c) On November 12, 2015, the Court held a Final Approval Hearing, for which members of the Settlement Class had been given appropriate notice. No class member appeared in Court on November 12, 2015, in connection with the Final Approval Hearing.

Having considered all papers filed in connection with the Motions for Final Approval, Attorneys' Fees and Reimbursement of Costs and Incentive Award and statements made on the record,

**IT IS HEREBY ORDERED AND ADJUDGED** that

1. This Court has jurisdiction over the subject matter of this litigation, Plaintiff Pines Nursing Home (77), Inc. ("Plaintiff"), Defendant PharMerica Corporation ("PharMerica), all members of the Settlement Class, and the Settlement Administrator (Heffler Claims Group) and has subject matter jurisdiction to approve the Settlement Agreement.

2. The Court finds that the Settlement Agreement has been entered into in good faith following arms' length negotiations and is non-collusive.

3. No requests for exclusion from the Settlement Class were made.

4. No objections were filed, timely or otherwise, to the Settlement Agreement, including the requested attorneys' fees and costs and the requested incentive award.
.

5. The Court grants final approval of the Settlement Agreement and finds that the Settlement Agreement is, in all respects fair, reasonable, adequate, in compliance with Fed. R. Civ. P 23(e), and in the best interests of the Settlement Class (as defined below). Because there have been no requests for exclusion, all members of the Settlement Class are bound by the Settlement Agreement and this Judgment and Order.

## Class Certification

6. This Court finds, solely for purposes of effectuating the Settlement Agreement, that certification is appropriate under *Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997). In particular, the Court finds, solely for purposes of effectuating the Settlement Agreement, that (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of the representative Plaintiff are typical of the claims of the Settlement Class; (d) the representative Plaintiff and Settlement Class Counsel have fairly and adequately protected and represented the interests of the Settlement Class in the Litigation and for purposes of entering into and implementing the Settlement Agreement; (e) the questions of law and fact common to members of the Settlement Class predominate over questions affecting only individual members; and (f) a class action is superior to other available methods of fairly and efficiently adjudicating the controversy. The preliminarily certified Settlement Class is now finally certified, for purposes of effectuating the Settlement Agreement, as follows:

> The subscribers to the telephone lines to which Symposia Faxes (as defined in the Settlement Agreement) were successfully sent from October 29, 2009, up to and including November 5, 2013, as reflected in Xpedite transmission records for the Xpedite job broadcasts identified in Ex. C to Settlement Agreement (as supplemented by the distribution lists for the four transmissions where Xpedite records are unavailable).

3

7.  In its Preliminary Approval Order, the Court designated and appointed Plaintiff Pines Nursing Home (77), Inc., as the representative of the Settlement Class. The Court affirms this designation and appointment.

8.  In its Preliminary Approval Order, the Court designated and appointed Scott Z. Zimmermann of the Law Office of Scott Zimmermann and C. Darryl Cordero of Payne & Fears LLP as co-lead Settlement Class Counsel and Frank F. Owen of Frank F. Owen and Associates, P.A., and Joel S. Magolnick of Marko & Magolnick, P.A. as co-Settlement Class Counsel. The Court affirms these designations and appointments.

9.  In its Preliminary Approval Order, the Court designated and appointed Heffler Claims Group as the Settlement Administrator under the Settlement Agreement. The Court affirms this designation and appointment.

### Class Notice

10. The Declaration of James Prustman (ECF No. __) shows that Notice was given to the Settlement Class in the first instance by first class mail and, in some cases, was followed by fax transmission in accordance with the Settlement Agreement and with the Court's Preliminary Approval Order. The Notice and the Notice Plan (as described and defined in the Settlement Agreement and in the Prustman Declaration) comply with Fed. R. Civ. P. 23(e) and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to Notice of the settlement of this Litigation.

### Payments to the Settlement Class

11. The Settlement Administrator will distribute the Net Settlement Fund (as defined in the Settlement Agreement) within 10 days after the Effective Date (as defined in the Settlement Agreement) has occurred. Any Settlement Member who does not negotiate a settlement check issued to it for payment under the Settlement Agreement within 120 days of the date of the check (as printed on the check), forever waives and releases its claim for payment of the amount represented by the settlement check and directs that the amount represented by the settlement check be made to the *cy pres* recipients(s) ordered by the Court. In no event will any unclaimed funds constitute abandoned property. Any funds associated with expired settlement checks shall not revert to PharMerica; they will be distributed to one or more *cy pres* recipients as ordered by the Court, after recommendations or proposal from Plaintiff and PharMerica made to the Court.

### Injunction and Release of Claims

12. Each member of the Settlement Class shall automatically release the Released Claims and Unknown Claims in favor of the Released Parties as defined and provided in the Settlement Agreement on the Effective Date (as defined in the Settlement Agreement).

13. The Settlement Agreement is binding on, and has *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiff and all other Settlement Class Members, and their heirs, executors and administrators, successors and assigns. Each Settlement Class Member is permanently enjoined, as of the date of this Judgment and Order, from continuing with or commencing in any federal or state court, or in any other court, arbitration proceeding, tribunal, administrative agency, or other forum in the United States or elsewhere any or all Released Claims and Unknown Claims (as

defined the Settlement Agreement).  Any of the Released Parties (as defined in the Settlement Agreement) may plead the Settlement Agreement as a complete bar to any and all claims, rights, demands, actions, causes of action, and complaints encompassed in the definition of Released Claims and Unknown Claims (as defined in the Settlement Agreement) brought in derogation of this paragraph.  Any person or entity that knowingly violates this injunction shall pay the costs and attorneys' fees incurred by the Released Parties (as defined in the Settlement Agreement).

### Attorneys' Fees and Reimbursements of Costs, and Incentive Award

14. Settlement Class Counsel shall be paid $_____ as their attorneys' fees and for reimbursement of costs by PharMerica within 10 days after the Effective Date (as defined in the Settlement Agreement) via electronic transfer to an account designated by Settlement Class Counsel.  The Court finds this amount to be fair and reasonable, and sufficiently supported.

15. Plaintiff shall be paid an incentive award in recognition of its efforts on behalf of the Settlement Class in the amount of $_____ by PharMerica within 10 days after the Effective Date (as defined in the Settlement Agreement) via check to Plaintiff, in care of Settlement Class Counsel.  The Court finds this amount to be fair and reasonable, and sufficiently supported.

### Other Provisions

16. Plaintiff, PharMerica and the Settlement Administrator, and their respective counsel, are directed to implement and consummate the Settlement Agreement according to its terms and provisions.  All Settlement Administration Expenses (as defined in the Settlement Agreement) shall be paid by PharMerica, with the exception of those costs that

6

Class Counsel agreed to pay. Plaintiff and PharMerica are authorized, without further approval from the Court, to agree and adopt such amendments, modifications and expansions of the Settlement Agreements and its implementing documents as (1) shall be consistent in all material respects with this Judgment and Order, or (2) do not limit the rights of Settlement Class Members.

17. Without affecting the finality of this Judgment and Order, the Court shall retain jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and this Judgment and Order, and for any other necessary purpose.

18. If the Settlement Agreement and this Judgment and Order are reversed, vacated, or modified in any material respect, then neither the Settlement Agreement nor this Judgment and Order (including the certification of the Settlement Class provided in paragraph 6 of this Judgment and Order, or the releases provided in paragraph 12 of this Judgment and Order) shall have any force or effect; the parties shall be returned to the *status quo ante* with respect to the Litigation, as if the Settlement Agreement had never been entered into or this Judgment and Order entered, except PharMerica shall pay for all Settlement Administration Expenses (as defined in the Settlement Agreement), including, but not limited to, to the giving of any notices to the Settlement Class or the termination of the Settlement Agreement, with the exception of those costs that Class Counsel agreed to pay, and the Litigation shall proceed as though the Settlement Class had never been certified (with the statute of limitations relating back to the original filing date of the Litigation of October 29, 2009), and PharMerica shall have the right to oppose the certification of any plaintiff class.

19.     This Judgment and Order is a final and appealable order.

DONE AND ORDERED in Chambers at Miami, Florida, this ___ day of November, 2015.

_____
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

CC:  All counsel of record

8